IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MARY PADILLA**,

    Plaintiff,

vs.                                             No.   **CIV 03-1444 MCA/WDS**

**UNUM PROVIDENT**, a/k/a
**UNUM LIFE INSURANCE COMPANY
OF AMERICA**,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on *Defendant UNUM Life Insurance Company of America's Motion for Attorneys' Fees Under ERISA, 29 U.S.C. § 1132(g) and FCRA, 15 U.S.C. § 1681n* [Doc. 102] filed on May 24, 2007, and Plaintiff Mary Padilla's *Motion for Award of Attorney's Fees, Costs and Expenses Pursuant to 29 U.S.C. § 1132(g)(1) and D.N.M. LR-Civ. 54* [Doc. 103] filed on May 24, 2007. Having considered the parties' submissions, the applicable law, and otherwise being fully advised in the premises, the Court determines that neither party is entitled to an award of attorney fees in this matter for the reasons set forth below. Therefore, both motions are denied.

### I.    BACKGROUND

On December 18, 2003, this litigation began with the filing of a *Complaint* [Doc. 31] asserting "a relatively straightforward ERISA claim for denial of disability insurance benefits" against a single Defendant. [Doc. 31.] With the filing of *Plaintiff's Motion for*

*Leave to File First Amended Complaint* [Doc. 14] on April 30, 2004, the litigation entered a lengthy period of delay during which Plaintiff complicated matters by adding a number of meritless claims which were ultimately rejected after briefing and limited discovery. On May 20, 2005, the Court issued a *Memorandum Opinion and Order* [Doc. 62] granting summary judgment in Defendant UNUM's favor on the Fair Credit Reporting Act (FCRA) claim that Plaintiff asserted in her *Amended Complaint* [Doc. 33] filed on December 1, 2004. On August 29, 2005, the Court issued another *Memorandum Opinion and Order* [Doc. 77] granting Defendant Presbyterian Healthcare Services' *Motion for Summary Judgment* [Doc. 77] as to another claim asserted in Plaintiff's *Amended Complaint*.

After the latter ruling, the case returned to its original configuration as an ERISA claim for denial of disability insurance benefits against a single Defendant, and the Court was finally able to order a briefing schedule on that claim. [Doc. 78.] That briefing schedule, however, was further complicated by Plaintiff's motions relating to discovery and the standard of review [Doc. 80, 81, 83], which the Court decided in an *Order* [Doc. 95] filed on January 18, 2006.

After the briefing on the merits of Plaintiff's original ERISA claim was finally completed and the Court had the opportunity to review the Administrative Record, the Court issued its ruling on the merits of that claim in a *Memorandum Opinion and Order* [Doc. 97] filed on March 26, 2007. In that ruling, the Court determined that Plaintiff was entitled to recover further disability benefits under the long-term disability policy issued by Defendant UNUM, but reduced and offset those benefits to account for the Social Security benefits

Plaintiff was already receiving. The Court then ordered supplemental briefing to determine the final net amount of benefits to be awarded to the Plaintiff after the offset for Social Security benefits is deducted. [Doc. 97.]

Once this amount was determined, the Court entered a *Final Judgment* [Doc. 100] on April 24, 2007, awarding Plaintiff $11,485.03 in disability insurance benefits accrued through April 30, 2007. None of the parties have filed a timely appeal from that judgment.

## II.   ANALYSIS

Presently before the Court are the parties' post-judgment motions for attorney fees, costs, and other expenses. [Doc. 102, 103.] The finality of the judgment in this case makes these motions ripe for judicial decision at this time. See Graham v. Hartford Life and Accident Ins., 501 F.3d 1153, 1162-63 (10th Cir. 2007).

As statutory authority for awarding attorney fees and costs, both parties cite a provision of ERISA which states that: "In any action under this title ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g). Noting that the claims adjudicated in this action were not limited to ERISA, Defendant UNUM also cites a provision of the FCRA which allows for an award of reasonable attorney fees "[u]pon a finding by the court that an unsuccessful pleading, motion, or other paper . . . was filed in bad faith or for purposes of harassment." 15 U.S.C. § 1681n.

My analysis begins with ERISA's provision for attorney fees and costs. Courts have noted that the decision whether to award fees and costs under this provision is discretionary.

See McGee v. Equicor-Equitable HCA Corp., 953 F.2d 1192, 1209 (10th Cir. 1992). Thus, the fact that a party prevails on an ERISA claim does not automatically entitle that party to an award of fees and costs. See Carolina Care Plan Inc. v. McKenzie, 467 F.3d 383, 390-91 (4th Cir. 2006). While courts "afford certain weight to prevailing party status," they also have acknowledged that "the ERISA attorney's fee provision is not expressly directed at prevailing parties." Graham, 501 F.3d at 1162. Similarly, the statute is not specifically directed at prevailing plaintiffs or prevailing defendants; courts have discretion to award fees and costs to either side. See Sullivan v. William A. Randolph, Inc., 504 F.3d 665, 670-71 (7th Cir. 2007) (collecting cases).

In deciding a motion for attorney fees in an ERISA case, the Court may consider prevailing-party status in the broader context of evaluating the following non-exclusive list of factors: "a party's culpability or bad faith; its ability to satisfy an award of fees; the deterrence value of an award; the number of plan participants affected by the case or the significance of the impact of the legal question involved; and 'the relative merits of the parties' positions.'" Graham, 501 F.3d at 1162 (quoting Gordon v. U.S. Steel Corp., 724 F.2d 106, 109 (10th Cir. 1983)). These five factors "are merely guidelines, and while courts need not consider each factor, no single factor should be held dispositive." McGee, 953 F.2d at 1209, n. 17.

In this case, I find it particularly relevant that each party prevailed in part on a different aspect of the original ERISA claim: Plaintiff prevailed as to Defendant's liability for paying further disability insurance benefits, while Defendant UNUM prevailed as to the

amount of those payments (including the offset for Social Security benefits) as well as various procedural issues. When there is such "equipoise," any culpability or bad faith attributed to one party is offset by that attributed to the opposing party. Indeed, it may not be appropriate to characterize either party's position as evincing "culpability" or "bad faith," insofar as these terms connote "more than 'mere negligence or error.'" McKenzie, 467 F.3d at 390 (quoting Wheeler v. Dynamic Eng'g, Inc., 62 F.3d 634, 641 (4th Cir. 1995)).

With respect to the first factor listed above, I find that neither party reasonably can be regarded as more culpable than the other when their actions are considered in the context of the litigation as a whole. See Andrews v. Blue Cross Blue Shield of Nebraska Employee Group Long Term Disability Insurance Plan, 165 Fed. Appx. 650, 655 (10th Cir. Feb. 3, 2006) (unpublished disposition awarding no attorney fees or costs where each party prevailed in part). When each of their claims and defenses are taken in context, the parties also stand in equipoise as to the fifth factor, *i.e.*, the relative merits of their positions. See Winkel v. Kennecott Holdings Corp., 3 Fed. Appx. 697, 709-10 (10th Cir. Jan. 10, 2001) (unpublished disposition noting that the relative merits of the parties' positions "is related to the first factor (bad faith)").

I also take note of the fact that a significant portion of the litigation was devoted to issues and claims on which Plaintiff did not prevail (*e.g.*, procedural issues and the claims raised for the first time in the *Amended Complaint*). Plaintiff's counsel bears the most responsibility for introducing these meritless claims and issues into the litigation, and they had the effect of delaying the resolution of the original ERISA claim for denial of benefits

5

and increasing the overall cost of the litigation. Plaintiff benefitted from such delays because they had the effect of postponing judgment on her obligation to reimburse Defendant for the overpayment of Social Security benefits until after the amount overpaid was fully offset by the accrual of future disability benefits under the insurance policy.

The need for such delays and increased costs was not justified by the number of plan participants affected by the case or the significance of the legal questions involved. As noted above, this case began as a relatively straightforward ERISA claim for denial of benefits and would have remained so but for the churning of Plaintiff's counsel.

On the other hand, I am not convinced that Plaintiff's responsibility for adding such delays and costs to the litigation justifies an award of attorney fees in Defendant's favor. Defendant UNUM's ability to satisfy an award of fees or absorb other costs of litigation is greater than that of the Plaintiff. Under these circumstances, merely declining to award any attorney fees or costs in Plaintiff's favor sends a deterrent message that it is counter-productive for future plaintiffs and their counsel to add meritless or dilatory claims to a modest ERISA claim in the hope that the cost of litigating these additional claims will pressure an opposing party to settle the case for a higher value. Declining to apply the fee-shifting statute in this instance also provides a sufficient deterrent to ERISA defendants, because the consequence of failing to properly resolve a claim for benefits at the administrative level is that the insurance company must absorb its own attorney fees and costs in responding to additional claims when the matter is brought to court.

Finally, the bad faith or harassment that the Court might otherwise consider in

deciding whether to award attorney fees with regard to Plaintiff's FCRA claim is already accounted for in balancing each parties' culpability under the ERISA factors listed above. To the extent that Defendant UNUM would be entitled to an award of attorney fees for defeating Plaintiff's FCRA claim, that award would only serve to offset attorney fees to which Plaintiff might otherwise be entitled if the portion of the ERISA claim on which she prevailed were viewed in isolation from the remainder of the litigation. Again, the Court cannot consider each issue separately in a piecemeal fashion, but must view all of the above factors as a whole.

For these reasons, I find this case to be one of the instances where a party is not entitled to an award of attorney fees or costs despite prevailing in part on an ERISA claim. Having concluded that it is not reasonable to award attorney fees or costs *in any amount*, the Court does not reach the issues of determining the proper hourly rate for counsel or calculating how many of the total number of hours listed in counsels' billing records are appropriate for the work performed on each prevailing claim.

### III. CONCLUSION

For the foregoing reasons, the parties' respective motions for an award of attorney fees and costs are denied, with the result that no attorney fees or costs are awarded to either party on any claim or defense.

**IT IS THEREFORE ORDERED** that *Defendant UNUM Life Insurance Company of America's Motion for Attorneys' Fees Under ERISA, 29 U.S.C. § 1132(G) and FCRA, 15 U.S.C. § 1681N* [Doc. 102] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Mary Padilla's *Motion for Award of Attorney's Fees, Costs and Expenses Pursuant to 29 U.S.C. § 1132(g)(1) and D.N.M. LR-Civ. 54* [Doc. 103] is **DENIED.**

**SO ORDERED** this 16th day of January, 2008, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge